UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| JESSICA CAVEZZA,<br><br>    **Plaintiff,**<br><br>V.<br><br>EMMA METCALF, et al.,<br><br>    **Defendants.** | CIVIL ACTION NO. 5:16-225-KKC<br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

Plaintiff Jessica Cavezza claims that she was sexually assaulted by another patient during a stay at the Veterans Affairs Hospital in Lexington, Kentucky, and seeks to hold several named and unnamed employees of the VA liable for their part in the incident. These named VA employees are Emma Metcalf, the Director of the VA Hospital in Lexington, Yvonne Chabot, Director of Patient Safety, Chauna Glinter, the nursing supervisor on the ward in which Cavezza was housed, and Marshell Danielson, Ruth Sadler, Bryan Trich, Mera Claybrook, Dora Hudson, Cynthia Carlson, and Elaine Lloyd, all registered nurses working the ward. (Collectively "defendant-employees"). The United States has moved to substitute itself as the party defendant in place of these named defendant-employees (DE 17) and has moved to dismiss the complaint (DE 18) for a lack of subject matter jurisdiction. For the reasons that follow, both motions will be GRANTED.

I.

On June 22, 2015, Jessica Cavezza voluntarily admitted herself to the VA Hospital in Lexington after a drug overdose. (Compl. ¶ 15). The next day, after falling asleep in her room while under sedation, Cavezza awoke to what she thought was the presence of someone in

1

her room and the feeling of being touched. (Compl. ¶ 17). In her state of sedation, Cavezza was unsure of "exactly who or what went on that evening or how many times she felt there was someone beside her." (Compl. ¶ 17).

The next day, Jeff Crockett, a man with whom Cavezza had had a previous encounter weeks earlier, came into Cavezza's room and tried to assault her. (Compl. ¶ 18). Cavezza screamed, and Crockett left. Cavezza reported the incident to nurse Mera Claybrook, who told Cavezza that she could lock the door to her room. (Compl. ¶ 20).

Crockett returned to Cavezza's room later the same day, wishing to speak with her. Cavezza obliged and Crockett entered her room and confessed to Cavezza that he was the man in the room the night before and that he had touched Cavezza while she was asleep. (Compl. ¶ 21).

Cavezza reported the incident to members of the VA nursing staff and was transported to the University of Kentucky medical center for treatment. (Compl. ¶ 22).

Cavezza brings the present action under 42 U.S.C. § 1983 against the defendant-employees alleging claims of failure to supervise (Count II) against the defendant nurses and nursing manager, a claim of negligent or intentional infliction of emotional distress (Count III) against the defendant nurses, nurse manager, and hospital director, and a claim of negligence (Count IV) against the defendant nurses, nurse manager, director of patient-safety, and hospital director.

## II.

The United States has moved to substitute itself for the named defendant-employees and argues that substitution is statutorily required under either the VA Immunity Statute, 38 U.S.C. § 7316(a), or under the Westfall Act's immunity statute, 28 U.S.C. § 2679. As a threshold matter, it has attached to the motion a Certification from James G. Touhey, Jr., the Attorney General's designee, stating that each of the named defendant-employees was

acting within the scope of his or her office or employment for the federal government as health care employees employed by the Veterans Health Administration of the United States Department of Veterans Affairs at the time the incidents out of which Cavezza's claim occurred. (DE 17, Ex. A, Certification). With this threshold requirement met without any objection from Cavezza, *see* 42 U.S.C. § 233(c) ("Upon a certification by the Attorney General that the defendant was acting in the scope of his employment . . . the proceeding [shall be] deemed a tort action brought against the United States."); 28 C.F.R. § 15.4(a) (conveying authority to United States Attorneys to make statutory certifications), the Court turns to the substance of the claims made in Cavezza's complaint and concludes that substitution is appropriate in this case on two separate bases.

## A.

"When federal employees are sued for damages for harms caused in the course of their employment, the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671–2680, generally authorizes substitution of the United States as the defendant." *Hui v. Castaneda*, 559 U.S. 799, 801 (2010). First, 38 U.S.C. § 7316(a)(1) (hereinafter the "VA Immunity Statute"), applies in this case. Congress, through the VA Immunity Statute, made the FTCA the exclusive remedy for a plaintiff who sues a VA health care employee for negligence or malpractice. *See* 38 U.S.C. § 7316(a).

The issue here is that Cavezza did not bring her claims under the FTCA, but under § 1983. In making this argument,[1] Cavezza makes several citations to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In that case, the United States Supreme Court created the federal analogue to a § 1983 claim, holding that an individual has an implied private right of action against federal officers acting under color of

---

[1] As explained in subpart B., Cavezza's argument that § 1983 is the proper vehicle under which to bring her claims is difficult to square with both the allegations her complaint paints and basic black letter law.

3

law for violations of his or her constitutional rights. *Id.* at 395–96. The Court construes that Cavezza is arguing, at least in part, that she is entitled to a *Bivens* remedy, which is a remedy that runs parallel to a remedy found under the FTCA. *Carlson v. Green*, 446 U.S. 14, 19–20 (1980) (finding that "the congressional comments accompanying [the FTCA] made it crystal clear that Congress views FTCA and *Bivens* as parallel, complementary causes of action"). However, no matter how the Court construes the complaint in regard to the Cavezza's intended cause of action, substitution is proper.

To decide whether a *Bivens* remedy is available, the Court must first ask "whether any alternative, existing process for protecting the interest amounts to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages." *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007). Even assuming that Cavezza alleges a *Bivens* claim, it must then be decided whether the VA Immunity Statute provides an alternative, existing process that precludes a *Bivens* remedy.

The parties do not cite, nor is the Court aware of any Sixth Circuit precedent addressing this issue. However, the Court of Appeals for the Tenth Circuit has. A court in that circuit held that the VA Immunity Statute bars constitutional tort claims against individual VA employees. *See Ingram v. Faruque*, 728 F.3d 1239 (10th Cir. 2013). *Ingram* held that because the language of the VA Immunity Statute, 38 U.S.C. § 7316(a)(1), "mirrors" the language of 42 U.S.C. § 233(a)—which the United States Supreme Court held in *Hiu* to preclude a *Bivens* action against U.S. Public Health Service personnel—the VA Immunity Statute is the exclusive remedy precluding the creation of a *Bivens* remedy. *Id.* at 1247; *see* 38 U.S.C. § 7316(a)(1) ("The remedy against the United States provided by sections 1346(b) and 2672 of title 28 . . . shall be exclusive of any other civil action or proceeding by reason of the same subject matter . . ."); *see also Brown v. Mercadante*, Nos. 15-1593, 15-5178, 2016 WL

4

1359586, at *5 (E.D. Pa. April 6, 2016). The Court finds *Ingram's* reasoning persuasive and finds that, to the extent Cavezza seeks a remedy under *Bivens* for violations of the Constitution or statutes of the United States, that remedy is precluded by the VA Immunity Statute.

Therefore, because the VA Immunity Statute provides remedies "for damages for personal injury, including death, allegedly arising from malpractice or negligence of a health care employee of the Administration in furnishing health care or treatment while in the exercise of that employee's duties," 38 U.S.C. § 7316(a)(1), and the FTCA is the exclusive remedy for redressing these type of negligence claims, the United States is the proper defendant and must be substituted for all of Cavezza's claims as the defendant-employees.

**B.**

Separately, substitution is proper and the defendant-employees are shielded from having to defend against Cavezza's claims under 28 U.S.C. § 2679(b). Under the Westfall Act the United States is to be substituted in a civil action for money damages brought against a federal employee who is alleged to have committed a common law tort while acting within the scope of his employment. *See* 28 U.S.C. § 2679(b)(1); *Osborn v. Haley*, 549 U.S. 225, 127 S. Ct. 881, 887–88 (2007); *Dolan v. United States*, 514 F.3d 587, 592 (6th Cir. 2008); *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1142 (6th Cir. 1996). The Westfall Act does not bar federal statutory claims or constitutional claims against federal employees. § 2679(b),(d). Therefore, if Cavezza alleges a constitutional or federal law claim, substitution would not be proper under the Westfall Act. If she only brings state law tort claims, the United States must be substituted. The latter scenario is what occurred here.

Cavezza argues that substitution is inappropriate because she chose to file the current action under § 1983, which only creates a cause of action against "person[s]." Seizing on that language, Cavezza argues that because the United States is not a person for the purposes of

5

§ 1983, substitution is improper. (DE 25, at 2) ("42 U.S.C. action[s] apply to individuals, so clearly the United States cannot be substituted as a party in a Sec. 1983 action."). But in making this argument, Cavezza misunderstands the function § 1983 and its applicability to this case.

Section 1983 creates a cause of action against any person who, *acting under the color state law*, abridges rights created by the Constitution or the laws of the United States—that is, *federal law*. *See* 42 U.S.C. § 1983. In other words, it creates a cause of action to sue state actors for violations of federal law. *See Strickland v. Shalala*, 123 F.3d 863, 866 (6th Cir. 1997). Regardless, then, of whether Cavezza seeks to sue the individual defendant-employees, what she had pled in her complaint bears no semblance to a § 1983 cause of action. There are no state actors; only federal employees acting within the scope of their federal employment. There are no references made to a constitutional violation or to a violation of federal law in her complaint; only allegations sounding in state tort law. Just saying § 1983 is the proper cause of action does not make it so.

Properly framed, the question of substitution is straightforward. Cavezza has not plead a proper claim under § 1983, but one premised on theories of common law tort. As such, the FTCA is the only remedy available for Cavezza's claim, which makes the United States the proper party defendant.

Accordingly, because defendant-employees were deemed to be covered entities under 38 U.S.C. § 7316(a)(1) and 28 U.S.C. § 2679(b), and because they were also certified as having acted within the scope of their employment at all times relevant to this action, the United States is substituted as the defendant in this case.

### III.

Because the United States has been substituted as the defendant in this action, the case must be construed as one governed by the FTCA and as one "subject to the limitations

and exceptions applicable to [FTCA] actions." 28 U.S.C. § 2679(d)(4). The FTCA provides a limited exception to the fundamental principle that the United States cannot be sued without its consent. Under the FTCA, Congress has waived the government's sovereign immunity from suit by plaintiffs who sue the United States for monetary damages caused by the negligent conduct of government employees acting within the scope of their employment. *See* 28 U.S.C. § 1346(b)(1).

The United States has moved to dismiss this case for a lack of subject matter jurisdiction pursuant to Fed. R. Civ. P 12(b)(1), arguing that Cavezza has not satisfied one such applicable limitation to the FTCA's waiver of sovereign immunity: the Act's exhaustion requirement. *See* § 2675(a). Cavezza chose not to address the merits of the United States' motion, instead claiming that the motion to dismiss was "moot" until the Court ruled on the motion to substitute and requesting a reasonable amount of time to respond. (DE 25, at 1–2). The Court concludes that no response from Cavezza is necessary, as it is clear from the complaint that Cavezza has not satisfied the FTCA's exhaustion requirement. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (a "district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit or no longer open to discussion").

Under the FTCA, an action cannot be filed in federal court unless a claimant has first filed her claim with the appropriate federal agency. 28 U.S.C. § 2675 ("An action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail . . . ."). Compliance with the exhaustion requirement is a jurisdictional prerequisite to filing suit under the FTCA, *Glarner v. U.S., Dep't of Veterans Admin.*, 30 F.3d 697, 700 (6th Cir. 1994), and the

7

requirement cannot be waived. 28 U.S.C. § 2401(b); *United States v. Kubrick*, 444 U.S. 111, 117–18 (1979).

Cavezza has failed to plead compliance with § 2675's exhaustion requirement and has therefore not properly pled the proper facts to satisfy her burden of proving that this Court has jurisdiction over her claims at this time. Moreover, the United States has submitted a declaration from E. Douglas Bradshaw, Jr., Chief Counsel of Torts and Administrative Law for the Department of Veterans Affairs, stating that, after a full record search, no record of such an administrative tort claim by Cavezza exists. (DE 18, Ex. A, Bradshaw Decl., at 5) Accordingly, because Cavezza has not met her burden of proving that she fulfilled the administrative exhaustion requirement of the FTCA, this Court lacks jurisdiction to hear the matter and the case against the parties for whom the United States is substituted must be dismissed pursuant to Rule 12(b)(1).[2]

## IV.

In substituting the United States and subsequently dismissing Cavezza's claims against it, there remains state law assault and battery claim against Jeff Crockett. (Compl. ¶¶ 33–35). Though the complaint does not detail the jurisdictional facts of Crockett's citizenship, it is clear that Cavezza attempts to hook this claim under 28 U.S.C. § 1367(a). (Compl. ¶ 3) ("Jurisdiction over state law claims is conferred upon this Court by 28 U.S.C. § 1367, which provides for supplemental jurisdiction over state law claims so related to the federal law claims that they form one case or controversy for Article III purposes."). That statute confers supplemental jurisdiction over attendant state law claims "so related to claims in the action within such original jurisdiction that they form part of the same case or

---

[2] The Court need not address the United States' alternative argument that this Court lacks subject matter jurisdiction over a § 1983 claim against the United States because it has established that Cavezza's claims are not proper § 1983 claims.

8

controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The supplemental jurisdiction statute gives this Court discretion to decline supplemental jurisdiction over remaining state law claims when all claims over which it had original jurisdiction have been dismissed. *See* 28 U.S.C. § 1367(c)(3).

In exercising its discretion under § 1367(c), this Court must consider the issues of "judicial economy, convenience, fairness, and comity." *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996) (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims . . . ." *Widgren v. Maple Grove Twp.*, 429 F.3d 575, 586 (6th Cir. 2005) (quoting *Musson*, 89 F.3d at 1254–55). This case gives no reason for the Court to depart from this general rule. Therefore, the Court will dismiss Cavezza's state law claim against Crockett without prejudice.

## V.

One final matter. Cavezza has sued two John Doe defendants, a maintenance employee and a security/nursing technician. Fed. R. Civ. P. 4(m) provides that if a defendant is not served within 90 days the Court must dismiss the action without prejudice or order that service be made within a specified time. *See* Fed. R. Civ. P 4(m). The Court must first, however, give notice to the plaintiff before it does so. *Id.*

Cavezza filed her complaint on June 24, 2016. She has yet to identify the John Does in this matter and has not served them, in violation of the 90-day window provided by Rule 4(m). Adding a further wrinkle here is that these two John Does are ostensibly federal employees who were acting within the scope of their employment. The United States did not (and could not) certify the actions of unknown defendants, thus its certification is inapplicable to these John Does. Accordingly, the Court thinks it best not to dismiss without prejudice these claims because notice has not been provided, even if it is likely that these John Does, if

9

identified, could be certified at a later point. Accordingly, Cavezza has 60 days from the date of this Opinion and Order within which to amend his complaint to name the specific John Doe defendants or show good cause for her failure to do so. Cavezza is put on notice that her failure to do so will result in the dismissal of her claims against the John Does, the only two defendants left in this action.

## VI.

For the foregoing reasons, it is hereby **ORDERED** that

1. the United States' motion to substitute the United States as defendant in this action (DE 17) is **GRANTED**;

2. the United States' motion to dismiss (DE 18) is **GRANTED**;

3. Cavezza's claims, Count II-IV, against the United States are **DISMISSED WITHOUT PREJUDICE**;

4. Cavezza's remaining state law claim, Count I, against Jeff Crockett is **DISMISSED WITHOUT PREJUDICE**; and

5. Cavezza has **60 days** from the date of this Opinion and Order within which to amend her complaint to name the specific John Doe defendants or show good cause for her failure to do so. Cavezza **is put on notice** that her failure to do so will result in the dismissal of her claims against the John Does.

Dated May 19, 2017.

*Karen K. Caldwell*
KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY